UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN KEITH CARSTEN,

    Petitioner,

v.                                  Case No. 5:22cv50-TKW-HTC

RICKY DIXON,

    Respondent.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Brian Keith Carsten's *pro se* petition under 28 U.S.C. § 2254, ECF Doc. 1, and the Secretary's motion to dismiss the Petition as untimely, ECF Doc. 8. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the record, the petition, the motion to dismiss, and Petitioner's reply, ECF Doc. 10, the undersigned recommends the motion to dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE as untimely, without an evidentiary hearing.

I.   BACKGROUND

Carsten challenges his conviction and life sentence for sexual offenses against a child aged 12-15 in Bay County Case 2014 CF 3394. The 13-year-old victim was friends with Carsten's daughter and often spent the night with his daughter at his home in Bay County. ECF Doc. 8-20 at 37. At trial, the State presented a DNA

expert, ECF Doc. 8-20 at 92, and the victim testified she told her mother she had only had sexual relations with Carsten and, also, that the baby she aborted was his. *Id.* at 69. The jury deliberated only 23 minutes before convicting Carsten of all charges. Carsten was sentenced on May 21, 2016, to a total sentence of life imprisonment. ECF Doc. 8-21 (sentencing transcript).

## II. DISCUSSION

Carsten filed a *pro se* federal habeas petition on March 2, 2022. ECF Doc. 1. The Secretary argues the petition is untimely because the filing of an unsuccessful petition for belated appeal does not toll the statute of limitations for filing a habeas petition. ECF Doc. 8. Carsten does not dispute the petition is untimely. Carsten, however, argues the statute of limitations should be equitably tolled because the First District Court of Appeal ("First DCA") erred in denying his petition for belated appeal. ECF Doc. 10. While the undersigned disagrees with several dates and calculations by the Secretary, the undersigned agrees the Petition is untimely.

Pursuant to 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a § 2254 petition must be filed within one-year of certain trigger dates. For purposes of Carsten's case, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

§ 2244(d)(1)(A).[1] The one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Carsten timely filed a direct appeal of his judgment and conviction, and the First DCA affirmed without a written opinion on June 5, 2017. *See Carsten v. State*, 227 So. 3d 567 (Fla. 1st DCA 2017). Carsten did not seek further review from the United States Supreme Court or the Florida Supreme Court. ECF Doc. 1 at 2. Thus, Carsten's judgment and conviction became final on September 5, 2017,[2] and the AEDPA deadline began to run on that date. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (explaining that a judgment of conviction becomes final, for purposes of § 2244(d)(1), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court).

The AEDPA clock continued to run for 282 days until June 14, 2018, when Carsten filed a petition with the First DCA alleging ineffective assistance of appellate counsel in the First DCA in 1D18-2487, which was denied on June 18, 2019. *See Carsten v. State*, 274 So. 3d 333 (Fla. 1st DCA June 18, 2019). Neither

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).
[2] The 90-day period actually expires on September 3, but that was a Sunday and September 4 was a holiday, Labor Day.

Carsten nor the State mentions this petition, despite the fact that the petition tolled the AEDPA deadline.

On July 23, 2018, while that petition was pending with the First DCA, Carsten filed a 3.850 motion with the trial court. ECF Doc. 8-5 at 1. The trial court struck the original 3.850 motion but allowed an amendment, which Carsten filed on January 9, 2019. ECF Doc. 8-7. The 3.850 motion was continuously pending until it was denied on July 27, 2020. ECF Doc. 8-12. On August 14, 2020, Carsten filed a motion for rehearing. ECF Doc. 8-16. The motion for rehearing was denied on March 2, 2021, ECF Doc. 8-17, and Carsten did not file an appeal by April 1, 2021, as required under Florida procedure. *See* Fla. R. Crim. P. 3.850(k) (a defendant has thirty (30) days to appeal a 3.850 motion).

Instead, on May 26, 2021, Carsten filed a petition for belated appeal which the First DCA docketed on June 1, 2021. ECF Doc. 8-26 (Case No. 1D21-1623). Carsten claimed he never received the state court's March 2, 2021, order denying his motion for rehearing. The State responded to the petition for belated appeal by stating it (1) agreed no mail records showed Petitioner ever got the March 2, 2021, order and (2) did not object to the belated appeal. ECF Doc. 8-28 at 3 & ECF Doc. 1 at 14.

Despite the State's non-objection, the First DCA denied the petition for belated appeal on the ground that the motion for rehearing was untimely because it

was not filed within fifteen (15) days of the order denying the 3.850 motion. *See Carsten v. State*, 330 So. 3d 973 (Fla. Dist. Ct. App. 2021), reh'g denied (Jan. 4, 2022); *see* Fla. R. Crim. P. 3.850(j) (setting forth 15-day deadline for filing a motion for reconsideration). Because the First DCA found the motion for rehearing to be untimely, it also found the motion "did not delay rendition of the July 27, 2020, order." *See Carson*, 330 So. 3d at 973.

A petition for belated appeal that is denied does not toll the AEDPA period during its pendency. *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1142 (11th Cir. 2015) ("Espinosa's petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period. Espinosa's federal habeas petition was untimely."). Thus, Carsten's AEDPA deadline was tolled only until August 26, 2020 (30 days after the date the 3.850 motion was denied). Because 282 days had already run (from September 5, 2017, until June 14, 2018), Carsten had 83 days left, or until November 17, 2020, to file a federal habeas petition. Carsten, however, did not file the instant petition until March 2, 2022.

In his Reply to the Secretary's Motion to Dismiss, Carsten argues for the first time that the First DCA was incorrect about the untimeliness of the motion for rehearing. Specifically, Carsten argues the First DCA failed to consider Florida Rules of Judicial Administration 2.514(b) in finding the motion for rehearing was

untimely. ECF Doc. 10 at 2-3. Under Rule 2.514(b), "[w]hen a party may or must act within a specified time after service and service is made by mail, 5 days are added after the period that would otherwise expire under subdivision (a)." Fla. R. Jud. Admin. 2.514(b). Thus, applying Rule 2.514(b), the motion for rehearing was timely because Carsten would have had 20 days after July 27, 2020, or until August 17, 2020, to file the motion for rehearing.[3] As stated above, Carsten filed the motion to rehear the 3.850 motion on August 14, 2020.

Carsten, therefore, argues he should be entitled to equitable tolling because the First DCA was wrong in denying the petition for belated appeal. The problem for Carsten, however, is regardless of whether the First DCA erred in denying the petition for belated appeal, the petition is nonetheless untimely. In other words, even if this Court were to treat the First DCA decision as being erroneous, treat the petition for belated appeal as having been granted, *and* treat the motion to rehear as timely filed, the petition would still be untimely.

As stated above, Carsten had only 83 days remaining on the AEDPA clock at the time he filed the Rule 3.850 post-conviction motion. Even keeping the clock tolled until April 1, 2021 (30 days after the motion to rehear was denied), rather than August 26, 2020 (30 days after the 3.850 motion was denied), there was nothing pending after April 1, 2021, until May 26, 2021 (when Carsten filed the petition for

---

[3] 20 days falls on Sunday, August 16.

belated appeal). Thus, another 54 days ran off the clock, leaving Carsten with only 29 days in which to file a federal habeas petition after the First DCA's decision on his motion for reconsideration of the denial of the petition for belated appeal. *See McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 252 (11th Cir. 2007) (affirming dismissal of petition as untimely because even though petition for belated appeal was granted, there was nothing pending between time post-conviction motion became final and time petition for belated appeal was filed; thus, the district court was correct in including the 95-days that expired during that period in the 365-day calculation).

The First DCA denied the motion for reconsideration of the denial of the petition for belated appeal on January 4, 2022, ECF Doc. 8-32 at 2. Thus, accepting Carsten's argument, Carsten had until February 2, 2022, to file a federal habeas petition. As stated above, Carsten, however, did not file the federal habeas petition until March 2, 2022. ECF Doc. 1 at 1. The petition is, therefore, untimely filed regardless of how the apple is sliced.

Also, the undersigned finds Carsten is not entitled to equitable tolling. "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). A habeas petitioner "is 'entitled to equitable tolling' only if he

shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is the petitioner's burden to establish such diligence and extraordinary circumstances. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."). Also, the First DCA's denial of Carsten's petition for a belated postconviction appeal does not, in itself, constitute an extraordinary circumstance. *See Lowe v. Inch*, No. 3:20-CV-5060-LC-MJF, 2020 WL 8084257, at *8 (N.D. Fla. Nov. 19, 2020), *report and recommendation adopted,* No. 3:20-CV-5060-LC-MJF, 2021 WL 66409 (N.D. Fla. Jan. 7, 2021)

Carsten could have raised the Rule 2.514(b) argument to the First DCA when he filed his motion to reconsider with that court but failed to do so. Instead, Carsten relied on the 3-days for mailing rule, Fla. R. Crim. P. 3.070, which had been repealed on January 1, 2019.[4] ECF Doc. 8-30 at 3-4. Also, as stated above, Carsten still had 29 days after the First DCA denied the motion for reconsideration to file this petition but did not do so for almost 2 months. Thus, Carsten has not shown he acted

---

[4] Arguably, by basing his timeliness argument on a repealed rule, rather than Rule 2.514(b), Petitioner "invited' any error by the First DCA. *See Francois v. Wainwright*, 741 F.2d 1275, 1282 (11th Cir. 1984) (collecting cases and stating, "Although the invited error doctrine most clearly applies when appellant affirmatively requests the error, acquiesces therein, or fails to object thereto . . . the Florida courts also apply the doctrine when, as here, the appellant has contributed to the error less directly.").

diligently. *See Valdriche v. McNeil*, 2008 WL 4070996, at *4 (S.D. Fla. Aug. 28, 2008) (finding "Petitioner has not demonstrated that he acted diligently warranting the extraordinary circumstances to justify equitable tolling").

## IV. CONCLUSION

For the above reasons, the petition is untimely and the Respondent's motion to dismiss should be GRANTED.

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Upon consideration, the undersigned finds the claims in this case can be resolved without an evidentiary hearing because the petition is untimely. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss, ECF Doc. 8, be GRANTED.

2. That the Petition, ECF Doc. 1, be DISMISSED WITH PREJUDICE as untimely.

3. That a Certificate of Appealability be DENIED.

4.    That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of October, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.